United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 342 JOINT LABOR MANAGEMENT COMMITTEE, et al., | No. C 05-0892-SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 16] |
| EARTHSAFE SYSTEMS, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion for Default Judgment and Attorneys' Fees against Defendants Earthsafe Systems, Inc. d/b/a Pacific Earthsafe Systems, Inc. ("Earthsafe"), and William John Edwards, Jr (collectively "Defendants"). Having read and considered the papers submitted to the Court, pursuant to Civil Local Rule 7-1(b) the Court finds the matter appropriate for resolution without a hearing. The Court HEREBY GRANTS Plaintiffs' Motion for Default Judgment.

**BACKGROUND**

Plaintiffs[1] are multi-employer employee benefit plans pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1011 et seq. ("ERISA") and jointly trusteed employee benefit trusts pursuant to the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. On March 2, 2005, Plaintiffs filed a complaint to compel Defendants to contribute to the benefit plans as required by the terms of the collective bargaining agreement [Docket No. 1]. Defendant Earthsafe

---

[1] Plaintiffs are U.A. Local 342 Joint Labor-Management Committee; Northern California Pipe Trades Pension Trust; Northern California Pipe Trades Health and Welfare Trust; Local Union 342 Plumbers & Steamfitters United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (AFL-CIO) ("Local 342"); U.A. Local 342 Apprenticeship & Training Trust Fund; and Larry Blevins.

Systems, Inc. was served with the summons and complaint on March 11, 2005, and Defendant William John Edwards, Jr. was served on April 18, 2005.

Defendants have failed to answer, move to dismiss the complaint, or to otherwise make an appearance in this action. Consequently, on June 10, 2005, the Clerk of this Court entered default against Defendants [Docket No. 9]. Plaintiffs presently move the Court for a default judgment.

In support of their motion, Plaintiffs have provided a copy of the collective bargaining agreement between Local 342 and Earthsafe in which Earthsafe agreed to make monthly contributions to Plaintiffs covering fringe benefits on behalf of covered employees. Complaint at 3:3-5 & Blevins Decl. Exhs. A[2] & B. Additionally, pursuant to the collective bargaining agreement, Earthsafe agreed to submit monthly reports to Plaintiffs concerning employee hours worked. Plaintiffs allege Earthsafe failed to timely make the full monthly contribution for March 2004, and failed to submit the monthly transmittals of employee hours as required under the collective bargaining agreement. Complaint at 5.

The total amount of the judgment sought by Plaintiffs is $10,093.54, itemized as follows:

| | |
|---|---|
| Delinquent contributions for March, 2004: | $3,302.25 |
| Liquidated Damages:[3] | $660.45 |
| Interest:[4] | $603.99 |
| Attorneys Fees and costs: | $5,526.85 |

---

[2] The Master Labor Agreement between Local 342 and Northern California Mechanical Contractors Association and Industrial Contractors UMIC, Inc. ("collective bargaining agreement").

[3] The collective bargaining agreement provides that the Employer [Earthsafe] will be liable for liquidated damages in the amount of "10% of the amount due, but not less than $100 nor more than $500.00, for each failure to pay in full within the time limits provided." *See* Blevins Decl. Exh. A at 35. According to Plaintiffs, liquidated damages are increased to 20% upon referral to collection counsel. *See* Biagi Decl. ¶ 2. However, Plaintiffs do not cite to any provision in the collective bargaining agreement which states liquidated damages are to be increased to 20% upon referral to collection counsel.

[4] Plaintiffs calculated a daily compounding interest at the annual rate of 12% for 511 days. Plaintiffs calculations are based on the fact that 511 days have elapsed since April 20, 2004 - the day the March, 2004 contributions were due - and September 13, 2005 - the noticed hearing date of Plaintiffs' motion for default judgment. While the terms of the collective bargaining agreement specify that the funds are entitled to 12% annual interest on unpaid principal, it says nothing about compounding, daily or otherwise. Blevins Decl. Exh. A, Art. XI.

2

|   |   |
|---|---|
| TOTAL: | $10, 093.54 |

Defendants have not answered the complaint nor have they filed any opposition papers in response to the motion for default judgment.

## LEGAL STANDARD

### A. Procedural Considerations in Granting a Default Judgment

There is a two-step process to secure a default judgment pursuant to Federal Rule of Civil Procedure 55. First, plaintiffs must seek an entry of default under Federal Rule of Civil Procedure 55(a). Once the default is entered, plaintiffs may then seek a default judgment. *See* Fed. R. Civ. P. 55(b)(1) and (2). As noted above, on June 10, 2005, the Clerk of the Court entered default against Defendants. Thus, the only question remaining is whether Plaintiffs are entitled to default judgment.

A formal hearing on a default judgment motion is not required in every case. *See U.S. v. DeFrantz*, 708 F.2d 310, 312-13 (7th Cir. 1983) (finding that district court did not err in refusing to hold a hearing where the motion for default judgment indicated the amount of damages sought); *see also Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (emphasis added) ("It is well settled that a default judgment for money may not be entered without a hearing *unless* the amount claimed is a liquidated sum or capable of mathematical calculation."). Moreover, the Court may adjudicate a motion for default judgment based on the affidavits submitted by the parties. *E.g., Transportes Aereos De Angola v. Jet Traders Invest. Corp.*, 624 F.Supp. 264 (D.Del. 1985).

### B. Substantive Considerations in Granting a Default Judgment

The decision of whether to grant or deny a request for default judgment lies within the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming denial of motion for default judgment and *sua sponte* dismissal of plaintiff's claims). A default judgment may be denied where the Court determines that no justifiable claim has been alleged or that default judgment is inappropriate for other reasons. In exercising its discretion, the district court is guided by consideration of the following factors:

3

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (affirming denial of motion for default judgment where district court had serious reservations concerning the substantive merit of the claims, a large amount of damages were at issue, and there was a factual dispute with regard to the matters alleged in the pleadings).

## DISCUSSION

In support of their motion, Plaintiffs submitted the Declarations of Larry Blevins, Business Manager for Plaintiff Local 342 and Chairperson of Plaintiff U.A. Local 342 Joint Labor-Management Committee; Kim Biagi, Fund Manager for the Northern California Pipe Trades Trust Funds and the custodian of record for the Plaintiffs; and Scott M. De Nardo, Plaintiff's counsel.

Plaintiffs have introduced evidence which clearly supports their claims under ERISA. The collective bargaining agreement expressly obligates Defendants to make contributions to their employees' trust plans. *See* Blevins Decl. Exh. A, Art. X. Furthermore, Defendants are required to submit monthly transmittal reports to Plaintiffs. *Id.* Defendants have made absolutely no response to this action. The Court FINDS that plaintiffs are clearly entitled to judgment in their favor, and ORDERS Defendants to submit the monthly transmittal reports as required under the collective bargaining agreement.

In addition to the owed monthly employer contribution transmittals, Plaintiffs request the principal, liquidated damages and interest owed thereon. The production of the monthly transmittals is proper given the evidence Plaintiffs have provided with regard to the obligation of Defendants to make monthly contributions under the collective bargaining agreement. However, as this amount is currently unknown, this Court will not order Defendants to make payment on those contributions absent evidence from Plaintiffs of the amount due and Defendants' failure to pay. Furthermore, the Court notes that Plaintiffs

4

1 have not provided evidence which establishes under the terms of the collective bargaining
2 agreement that Plaintiffs are entitled to 20% liquidated damages on the owed monthly
3 contributions, nor that the assessment of 12% annual interest on the unpaid principal is to be
4 compounded daily.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to ... determine the amount of damages ... the court may conduct such hearings or order such references as it deems necessary and proper ..."  F.R.C.P. 55(b)(2).  The Court FINDS that determination of the total amount of monetary damages owed, and all matters connected with that determination, is appropriate for adjudication by a magistrate judge.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT default judgment be entered against Defendants Earthsafe Systems, Inc. dba Pacific Earthsafe Systems, Inc. and William John Edwards, Jr.  The Court finds that the determination of the total amount of damages owed as a result of this judgment is appropriate for adjudication by a magistrate.

Accordingly,

(1) Pursuant to Civil Local Rule 72-1, all matters concerning the amount of monetary damages, costs and attorneys' fees owed to Plaintiffs are referred to a Magistrate Judge.

(2) The Magistrate Judge shall supervise and issue findings and recommendations regarding Plaintiffs' application for fees and all matters connected thereto.  The Magistrate Judge shall file the findings and recommendations with the Clerk of the Court and serve a copy on the parties in this action.

(3) Unless otherwise provided, within 10 days of the service of the findings and recommendations, any party may serve and file objections thereto, together with notice setting the objections for hearing before this Court.  The objecting party shall note each particular finding and recommendation to which an objection is made, shall note the legal authority for the objection, and shall propose alternative findings or recommendations.

(4) Unless otherwise provided, within 10 days of the service of the objections, any party may serve and file a response thereto. Within 5 days of the service of the response, the objecting party may file a reply thereto.

(5) The memoranda and other papers filed in support of the objections, in opposition thereto, and reply shall conform with Civil Local Rules 7-1 to 7-12.

(6) This Court's review of the findings and recommendations and objections thereto will conform with Civil Local Rule 72-3.

IT IS FURTHER ORDERED THAT Defendants Earthsafe Systems, Inc. dba Pacific Earthsafe Systems, Inc. and William John Edwards, Jr. shall file remittance reports with Plaintiffs on a monthly basis as is required by the underlying collective bargaining agreement.

The Case Management Conference is hereby cancelled and there is no need for further appearance.

IT IS SO ORDERED.

Dated: 1/3/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

6